# MEMORANDUM DECISIONS

Josephine ABADIE v. HYDE REAL ESTATE CORPORATION. (Supreme Court, Appellate Division, First Department. July 10, 1916.) Motion denied, with $10 costs. Order filed.

Isabel ADLE, as admx., etc., respt., v. FULTON LIGHT, HEAT & POWER CO., applt. (Supreme Court, Appellate Division, Fourth Department. October 11, 1916.) Order affirmed, with $10 costs and disbursements. All concur.

Isabel ADLE, as admx., etc., respt., v. FULTON LIGHT, HEAT & POWER CO., applt. (Supreme Court, Appellate Division, Fourth Department. October 11, 1916.) Judgment and order affirmed, with costs. All concur.

ÆTNA MORTGAGE CO. v. Alexander BIENSTOCK. (Supreme Court, Appellate Division, First Department. October 13, 1916.) Application denied, with $10 costs. Order signed.

Elizabeth AGMINAS v. WILKES–BARRE COLLIERY CO. (Supreme Court, Appellate Division, First Department. October 13, 1916.) Motion granted; question certified on settlement of order. Settle order on notice.

ALLEN, Appellant, v. CITY OF NEW YORK, Respondent. (Supreme Court, Appellate Division, Second Department. July 28, 1916.) Appeal from Trial Term, Kings County. Action by Mary Allen, as administratrix, etc., of Michael De Cruiccio, deceased, against the City of New York. From a judgment dismissing the complaint, and an order denying a motion for new trial, plaintiff appeals. Affirmed.

PER CURIAM. The plaintiff showed that cold weather lessened the resistance of the cast iron snap, but did not show that the snap in question had been subjected to cold sufficient for that purpose on the day in question or before that. Facera, to the question whether the weather was cold on the morning of November 23, 1914, answered, "Some." Whether it was cold enough to affect the snap injuriously does not appear. The learned counsel for the plaintiff urged that the frequent participation of the court in the trial was disconcerting and prejudicial; but it did not preclude the counsel from showing a temperature that rendered the use of the bit improper. Hence, assuming that the jury could infer that the snap broke and caused the injury, negligent use of it on the day in question was not shown. The judgment and order should be affirmed, with costs.

Fiore AMANNA v. SEABURY BUILDING CO. and another. (Supreme Court, Appellate Division, First Department. October 13, 1916.) Motion granted, with $10 costs. Order filed.

Carl E. ANDERSON, appellant, v. E. W. BLISS COMPANY, respondent. (Supreme Court, Appellate Division, Second Department. October 6, 1916.) Judgment reversed, and new trial granted, costs to abide the event. We think the case was for the jury. McGovern v. C. V. R. R. Co., 123 N. Y. 280, 25 N. E. 373; Rice v. Eureka Paper Co., 174 N. Y. 385, 66 N. E. 979, 62 L. R. A. 611, 95 Am. St. Rep. 585. Jenks, P. J., and Carr, Stapleton, Rich, and Putnam, JJ., concur.

George T. ANDERSON, applt., v. Thomas G. KENNY and Robert Dumary, respt. (Supreme Court, Appellate Division, Third Department. September 28, 1916.) Order unanimously affirmed, with $10 costs and disbursements.

Charles H. ARMSTED, respt., v. Emory A. ROBINSON, applt. (Supreme Court, Appellate Division, Fourth Department. May 26, 1916.) Motion to substitute R. B. Hagadorn and Harry L. Allen as receivers in supplementary proceedings, in place of Emory A. Robinson, denied, with $10 costs. Held that, the petitioners not having been substituted in the court below, and this appeal having been dismissed upon consent of the defendant, and he not having authorized the appeal to be taken to this court, the right to substitute the petitioners should be denied.

Harry ASHER and another v. Emanuel COHEN. (Supreme Court, Appellate Division, First Department. July 17, 1916.) Application denied, with $10 costs. Order signed.

Bennie AUBIN, Respondent, v. David WADSWORTH, Appellant. (Supreme Court, Appellate Division, Fourth Department. December, 1915.) Appeal by the defendant from a judgment of the Supreme Court in favor of the plaintiff for $2,937.30 damages and costs, entered June 3, 1913, in the office of the clerk of the county of Cayuga, upon the verdict of a jury, and also from an order entered June 7,